**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamel Hyatt, | No. CV-23-08520-PCT-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Velocity Portfolio Group, et al., | |
| Defendants. | |

Pending before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendant Radius Global Solutions LLC ("RGS"). For the following reasons, the motion is granted.

**BACKGROUND**

On July 31, 2023, Plaintiff (who is proceeding *pro se*) initiated this action by filing a complaint. (Doc. 1-1.)

The complaint begins by explaining that "[t]his is a civil action for actual, statutory damages . . . pursuant to the Fair Credit Reporting Act." (*Id.* ¶ 1.) As relevant to RGS,[1] Plaintiff alleges that when he "obtained his consumer credit report from Transunion," he "found that . . . RGS obtained his TransUnion consumer report on August 4th of[] 2021, and April 5th of[] 2023." (*Id.* ¶¶ 8, 10.) Plaintiff alleges that RGS had "no permissible purpose" in obtaining his credit report on those dates because he "had no account whereby Defendant could claim permissible purpose." (*Id.* ¶ 35.) Elsewhere, Plaintiff elaborates that he never had an account *directly* with RGS. (*See, e.g.*, *id* ¶ 12 ["Plaintiff does not nor

---

[1] The complaint also names "velocity portfolio group" as a Defendant. (*Id.* ¶ 5.)

has ever had an 'account' with Defendant."]; *id.* ¶ 15 ["Defendant claims that the plaintiff has an alleged account referred to GPS, which gave them a permissible purpose to review the plaintiff's consumer report. Plaintiff re-alleges that he has no account with the defendant as defined in Electronic Fund Transfer Act 15 U.S.C. § 1693a(2)."]; *id.* ¶ 34 ["Plaintiff has never had any business dealings or accounts with, made an application for credit from, applied for employment with, applied for insurance from or received an offer of credit from Defendant RGS."].) Based on these allegations, Plaintiffs asserts a claim against RGS in Count Two for violating 15 U.S.C. § 1681. (*Id.* ¶¶ 28-39.)

Attached to the complaint is a letter RGS wrote to Plaintiff on July 21, 2023. (*Id.* at 11.) In relevant part, the letter states: "RGS had a permissible purpose to access your credit report via its attempt to collect on your debt. . . . The creditor, Cavalry SPV I, LLC, referred your account to RGS, a debt collector, on April 2, 2020 [and again on later dates]. Therefore, RGS had a permissible purpose for obtaining your credit report. . . . It merely reviewed your credit profile in connection with its collection efforts." (*Id.*)

On October 16, 2023, RGS filed the pending motion to dismiss. (Doc. 8.)

On October 31, 2023, Plaintiff filed a response. (Doc. 9.)

On November 3, 2023, RGS filed a reply. (Doc. 10.)

On November 13, 2023, Plaintiff filed an unauthorized sur-reply. (Doc. 11.)

## DISCUSSION

I. <u>Legal Standard</u>

"[T]o survive a motion to dismiss [under Rule 12(b)(6)], a party must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation

omitted). However, the court need not accept legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 679-80. Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

II. The Parties' Arguments

RGS contends that Count Two "fails as a matter of law" because "[t]he law is clear—a debt collector is permitted to pull a consumer's credit report in connection with the collection of a debt. Thus, RGS obtained plaintiff's credit report with a permissible purpose and is entitled to judgment as a matter of law." (Doc. 8 at 2.) According to RGS, "numerous courts"—including *Baker v. Trans Union LLC*, 2010 WL 2104622 (D. Ariz. 2010), *Hasbun v. Cnty. of Los Angeles*, 323 F.3d 801 (9th Cir. 2003), *Layne-Williams v. Radius Glob. Sols., LLC*, 2022 WL 17251665 (S.D.N.Y. 2022), and *Arnold v. Northland Group, Inc.*, 2019 WL 2419470 (S.D.N.Y. 2019)—"have held the 'collection of an account' includes a collection agency's attempt to collect a debt." (*Id.* at 5-6.) RGS also contends that the materials attached to Plaintiff's complaint demonstrate that "RGS obtained plaintiff's credit report in connection with the collection of a debt owed to [Cavalry]." (*Id.* at 6-7.) RGS concludes: "Plaintiff does not dispute that RGS was collecting an account owed to Cavalry, only that he does not owe an account to RGS, which is irrelevant." (*Id.* at 7, footnote omitted.)

In response, Plaintiffs contends that RGS's motion should be denied because "trial is not supposed to be conducted in a complaint." (Doc. 9 at 1.) Plaintiff also reiterates, as alleged in his complaint, that he did not have an account directly with RGS. (*Id.* ["[RGS] has no account with the Plaintiff . . . ."].) Next, Plaintiff argues that the motion includes improper allusions to unspecified "hearsay." (*Id.*) Finally, Plaintiff faults RGS for failing to provide "any document that alleges a transfer and assignment between [Cavalry] or any other debt collector via the Consumer Financial Protection Bureau [('CFPB') portal]" and otherwise "fail[ing] to provide adequate documentation, including an original credit

agreement or contract that would establish the terms and conditions of the alleged account, thereby calling into question the validity of the alleged account RGS claims to have been referred." (*Id.* at 2.)

In reply, RGS summarizes its position as follows: "Plaintiff's argument that he did not have an account with RGS is irrelevant and inconsistent with the plain language of the FCRA and well-settled case law. The Complaint and documents plaintiff attached to the Complaint establish RGS made a credit inquiry in relation to collection of a debt." (Doc. 10 at 4.) RGS also cites *Kermani v. L. Off. of Joe Pezzuto, LLC*, 993 F. Supp. 2d 1187 (C.D. Cal. 2014), *Pyle v. First Nat. Collection Bureau*, 2012 WL 5464357 (E.D. Cal. 2012), and *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28 (3d Cir. 2011), as additional authorities supporting its position. (*Id.* at 3-4.) Finally, RGS contends that Plaintiff's hearsay and inadequate documentation arguments are unavailing because RGS simply relied on the materials Plaintiff attached to his complaint, which are properly before the Court when assessing a Rule 12(b)(6) challenge. (*Id.* at 5-6.)

In his unauthorized sur-reply, Plaintiff contends that "he has no account with RGS or any other party" and "without an account with the Defendant no permissible purpose could have been granted to RGS, or any party." (Doc. 11 at 1.) As for his hearsay argument, Plaintiff contends that "Defendant has not provided any factual evidence . . . that supports RGS's claim as a retained debt collector with authority to pull Mr. Hyatt's consumer report." (*Id.*)

III.  Analysis

The Court agrees with RGS that Count Two must be dismissed for failure to state a claim.

In *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480 (9th Cir. 2019),[2] the Ninth Circuit addressed the pleading standards that apply when (as here) a plaintiff asserts a claim for "obtaining a credit report for a purpose not authorized under the FCRA." *Id.* at 490. The court concluded that such a "consumer-plaintiff [need not] plead the third-party's

---

[2] Neither party cited *Nayab*, which is unfortunate in light of *Nayab*'s clear applicability here.

- 4 -

actual unauthorized purpose in obtaining the credit report to survive a motion to dismiss" and "need allege only facts giving rise to a reasonable inference that the defendant obtained his or her credit report in violation of § 1681b(f)(1)." *Id.* at 493. *See also id.* at 495 ("Capital One, as the defendant, has the burden of pleading it had an authorized purpose to acquire Nayab's credit report. . . . [P]lacing the burden on the plaintiff would be unfair, as it would require the plaintiff to plead a negative fact that would generally be peculiarly within the knowledge of the defendant.  Holding otherwise would effectively bar meritorious claims from ever coming to light and frustrate Congress' attempt to protect consumers' privacy.") (footnote and citation omitted).  The court further concluded that the plaintiff had pleaded sufficient facts to raise a reasonable inference of an impermissible purpose because she not only "pleaded that she did not have a credit relationship with Capital One of the kind specified in 15 U.S.C. § 1681b(a)(3)(A)–(F)" but also "put[] forward factual assertions which negative each permissible purpose for which Capital One could have obtained her credit report and for which [she] could possibly have personal knowledge." *Id.* at 496 (emphasis omitted).  The court then identified the following specific topics on which the plaintiff provided such negative factual allegations:

> (1)   Plaintiff did not initiate any credit transaction with Defendant as provided in 15 U.S.C. § 1681b(a)(3)(A).
>
> (2)   Plaintiff was not involved in any credit transaction with Defendant involving the extension of credit to, or review or collection of an account of, the consumer as provided in 15 U.S.C. § 1681b(a)(3)(A).
>
> (3)   Plaintiff is not aware of any collection accounts, including any accounts that were purchased or acquired by Defendant that would permit Defendant to obtain Plaintiff's credit report as provided in 15 U.S.C. § 1681b(a)(3)(A).
>
> (4)   Plaintiff does not have any existing credit accounts that were subject to collection efforts by Defendant as provided in 15 U.S.C. § 1681b(a)(3)(A).
>
> (5)   Plaintiff did not engage Defendant for any employment relationship as provided in 15 U.S.C. § 1681b(a)(3)(B).
>
> (6)   Plaintiff did not engage Defendant for any insurance as provided in

15 U.S.C. § 1681b(a)(3)(C).

(7) Plaintiff did not apply for a license or other benefit granted by a governmental instrumentality as provided in 15 U.S.C. § 1681b(a)(3)(D).

(8) Plaintiff did not have an existing credit obligation that would permit Defendant to obtain her credit report as provided in 15 U.S.C. § 1681b(a)(3)(E).

(9) Plaintiff did not conduct any business transaction nor incur any additional financial obligations to Defendant as provided in 15 U.S.C. § 1681b(a)(3)(F).

(10) Defendant's inquiry for Plaintiff's consumer report information falls outside the scope of any permissible use or access included in 15 U.S.C. [§ ]1681b.

*Id.* The court concluded: "These are factual allegations that, when taken as true, rule out many of the potential authorized purposes for obtaining a credit report." *Id.* at 496-97.

Plaintiff's complaint is deficient under these standards. Although Plaintiff alleges that he did not have a *direct* credit relationship with RGS, the absence of such a relationship is, by itself, insufficient to create a reasonable inference that RGS lacked a permissible purpose in obtaining his credit report. Instead, under *Nayab*, Plaintiff must also "put[] forward factual assertions which negative each permissible purpose for which [RGS] could have obtained [his] credit report." *Id.* at 496. Those factual allegations are lacking here.[3]

Finally, because Plaintiff's claim against RGS is subject to dismissal, the Court must

---

[3] Although the Court agrees with RGS's broader point that Count Two is subject to dismissal, the Court is unpersuaded by RGS's argument that Plaintiff conceded the existence of a permissible purpose by including, as an attachment to his complaint, a letter in which RGS claimed its purpose in obtaining the credit report was to collect a debt Plaintiff owed to Cavalry. Even assuming the letter is properly considered part of the complaint for Rule 12(b)(6) purposes, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials [including] documents attached to the complaint . . . without converting the motion to dismiss into a motion for summary judgment."), it at most reflects RGS's position as to why RGS obtained the credit report and does not connote Plaintiff's acceptance of the factual accuracy of that position. *Cf. Nayab*, 942 F.3d at 945 n.3 ("At oral argument, Capital One argued that Nayab should be aware of the actual purpose behind Capital One obtaining her credit report. Counsel for Capital One stated that the alleged purpose may be included within a code on documentation sent to the consumer. However, this would identify only Capital One's alleged purpose, not necessarily the actual purpose.").

address whether Plaintiff should be granted leave to amend. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) ("In dismissing for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (citation omitted).

Rule 15(a) of the Federal Rules of Civil Procedure "advises the court that 'leave [to amend] shall be freely given when justice so requires.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted). "This policy is 'to be applied with extreme liberality.'" *Id.* (citation omitted). Thus, leave to amend should be granted unless "the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Here, RGS does not make any arguments regarding prejudice, bad faith, or undue delay and it seems at least theoretically possible—particularly in light of the assertion in his sur-reply that he "has no account with RGS or any other party" (Doc. 11 at 1)—that Plaintiff could allege additional facts to cure the deficiencies identified in this order. Accordingly, and in light of Plaintiff's *pro se* status, leave to amend will be granted.

Accordingly,

**IT IS ORDERED** that:

1. RGS's motion to dismiss (Doc. 8) is **granted**. Plaintiff's claim in Count Two against RGS is dismissed.

2. Plaintiff may file a First Amended Complaint within 14 days of the issuance of this order. Any changes shall be limited to attempting to cure the deficiencies raised in this order and Plaintiff shall, consistent with LRCiv 15.1(a), attach a redlined version of the pleading as an exhibit.

Dated this 6th day of February, 2024.

Dominic W. Lanza
United States District Judge