**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jamel Hyatt,<br><br>        Plaintiff,<br><br>v.<br><br>Velocity Portfolio Group, et al.,<br><br>        Defendants. | No. CV-23-08520-PCT-DWL<br><br>**ORDER** |

       The only claim against Radius Global Solutions LLC has been dismissed. (Doc. 12.) The remaining Defendant, Velocity Portfolio Group, was served with process pursuant to Rule 4(m) on September 23, 2023 (Doc. 7) but never responded to the complaint or otherwise appeared in this action.

       On March 26, 2024, the Court ordered Plaintiff to, by April 8, 2024, file either (1) a notice of voluntary dismissal of this action or (2) a memorandum, not to exceed five pages, showing cause why this action should not be dismissed for failure to prosecute as to Velocity Portfolio Group.  (Doc. 14.)

       Plaintiff failed to comply with the Court's March 26, 2024 order.

       "It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution." *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).  The Court considers five factors when determining whether to dismiss a case for failure to prosecute or for failure to comply with court orders, "including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992); *Ash*, 739 F.2d at 496.

The Court finds that no less drastic alternative to dismissal is appropriate here. The public's interest in expeditious resolution of litigation and the Court's need to manage its docket outweigh the public policy favoring disposition of cases on their merits, under these circumstances. Plaintiff has not participated in this action since November 3, 2023. Plaintiff did not to respond to the Court's order to show cause. Plaintiff has sought no extension of time and appears to have abandoned this litigation entirely. As a result, this case has been pending for months with no progress made.

Nevertheless, dismissal *without* prejudice is a less drastic alternative to dismissal *with* prejudice, and the Court therefore elects to dismiss this action without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's claims against Velocity Portfolio Group are **dismissed, without prejudice**, as a sanction for Plaintiff's failure to comply with court orders and failure to prosecute this action in good faith. The Clerk of Court shall enter judgment accordingly and terminate this action.

**IT IS FURTHER ORDERED** that Radius Global Solutions LLC's motion for entry of judgment as to one, but fewer than all, parties pursuant to Rule 54(b) of the Federal Rules of Civil Procedure (Doc. 13) is **denied as moot**, as judgment as to all parties will enter following this order.

Dated this 12th day of April, 2024.

Dominic W. Lanza
United States District Judge